# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MELOCK, | ) | |
| | ) | No. 24 CV 12679 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| CITY OF WAUKEGAN, *et al.*, | ) | |
| | ) | August 28, 2025 |
| Defendants. | ) | |

## QUALIFIED HIPAA and
## MENTAL HEALTH PROTECTIVE ORDER

This matter having come to be heard for the entry of a qualified protective order pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Illinois Mental Health and Developmental Disabilities and Confidentiality Act ("MHDDCA"), due notice having been given and the Court being fully advised in the premises, the Court finds that:

A. During the course of this litigation, it may be necessary to produce, disclose, receive, obtain, subpoena, and transmit medical, mental health, and drug and alcohol treatment/rehabilitation information of Plaintiff Robert Melock ("Plaintiff").

B. Good cause exists for the entry of this Order for Plaintiff's medical, mental health, and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of medical, mental health and drug and alcohol treatment/rehabilitation information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit medical information/"protected health information" (also referred to herein as "PHI"), and drug and alcohol treatment/rehabilitation information pertaining to Plaintiff, as protected by HIPAA (codified primarily at 18, 26 and 42 U.S.C.), the Illinois MHDDCA (740 ILCS 110/1, *et seq*.), and drug and alcohol treatment/rehabilitation confidentiality statutes (20 ILCS 301/30-5, 42 U.S.C. § 290dd-2, and 42 C.F.R. Part 2) to the extent and subject to the conditions outlined herein.

(2) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter may also receive mental health information pertaining to Plaintiff, as protected by HIPAA, the Illinois MHDDCA, and drug and alcohol treatment/rehabilitation confidentiality statutes (20 ILCS 301/30-5, 42 U.S.C. § 290dd-2, and 42 C.F.R. Part 2) to the extent and subject to the conditions outlined herein. Entry of this Order does not waive any argument or claim by Plaintiff that his mental health information is subject to privilege. Nor does entry of this Order waive any argument or claim by any Defendant in this action that Plaintiff has waived any privilege with respect to his mental health information.

(3) The following words and terms are defined for the purposes of this Order:

(a) "Medical Information" shall mean "protected health information" or "PHI" and shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(b) "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 and 164.

(c) "Mental Health Information" shall have the same scope and definition as set forth in 740 ILCS 110/2. Without limiting the generality of the foregoing, mental health information includes, but is not limited to, information obtained from "mental health services," including "confidential communications," "personal notes," and "records," relating to either, (a) the past, present or future mental health condition of an individual, (b) the provision of care and treatment to an individual, or (c) the payment for care provided to an individual, which identifies the mental health services or which reasonably could be expected to identify the mental health services.

(d) "Drug and Alcohol Treatment/Rehabilitation Information" shall have the same scope and definition as set forth in 20 ILCS 301/1-1, *et seq.*, 42 U.S.C. §§ 290aa-290ll, and 42 C.F.R. §§ 2.1-2.67.

(4) The Parties shall assist each other in the release of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information by waiving all notice requirements that would otherwise be necessary under HIPAA, MHDDCA, and the Privacy Standards.

2

(5)     All "covered entities" (as defined by 45 C.F.R. § 160.103) and "record custodians" (as defined by 740 ILCS 110/2) are hereby authorized to disclose PHI, and drug and alcohol treatment/rehabilitation information pertaining to Plaintiff to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(6)     The parties and their attorneys shall be permitted to use the PHI, and Drug and Alcohol Treatment/Rehabilitation Information of Plaintiff, in any manner that is reasonably connected with the above-captioned litigation. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(7)     All mental health or substance use disorder records responsive to a subpoena or other discovery request shall, in the first instance, be returnable to Plaintiff's counsel. Plaintiff's counsel shall have seven days from receipt of such records to conduct a privilege review and, if applicable, assert any objections to disclosure under federal or state law. If any responsive materials are withheld on the basis of privilege, Plaintiff's counsel shall provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A), describing the nature of the withheld documents in sufficient detail to permit assessment of the claim without disclosing the privileged content itself.

This Order applies to all PHI as defined under 45 C.F.R. § 160.103, including but not limited to:

(a)     mental health records governed by the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et seq.);

(b)     substance use disorder treatment records protected under 42 U.S.C. § 290dd-2 and 42 C.F.R. Part 2; and

(c)     any alcohol or drug abuse treatment information protected under federal or Illinois law.

Unless otherwise required by law, all PHI produced pursuant to this Order shall be returned to the producing entity or securely destroyed within 60 days following the conclusion of the litigation, including all appeals. Counsel may retain copies as required by law or court rule but shall ensure continued protection of any such retained materials.

(8)     Any document that includes PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information obtained pursuant to this Order

shall be designated confidential subject to this HIPAA and Mental Health Protective Order and labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this Order shall be kept confidential (except as allowed by this Order), stored to maintain their confidentiality according to the Privacy Standards and MHDDCA, and not be disclosed in or attached to any publicly filed documents unless:

(a) The PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information has been redacted;

(b) Plaintiff has agreed to the filing of such document; or

(c) The Court has ordered that the document can be publicly filed.

(9) Within 60 days of the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity no longer involved in the litigation who is in possession of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information pertaining to Plaintiff, (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information in their possession pursuant to the Privacy Standards and MHDDCA. This Order exempts from destruction such records that Lake County and its departments and separately elected officials are required to retain pursuant to the Illinois Local Records Act 50 ILCS 205 and other applicable laws and Lake County Ordinances.

(10) This Order does not control or limit the use of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information pertaining to Plaintiff, that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 C.F.R. § 160.103) or from a "therapist" (as that term is defined in 740 ILCS 110/2).

(11) Nothing in this Order authorizes Defendants' counsel to obtain PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through attorney-client communications.

(12) Nothing in this Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other valid objection to discovery.

(13) This Order does not authorize any party to seal court filings or court proceedings. The Court will make a good cause determination for the filing under seal if and when a party seeks to file Plaintiff's protected health information under seal.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**