**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT MELOCK, | ) | |
| | ) | Case No. 24-cv-12679 |
| *Plaintiff*, | ) | |
| | ) | Honorable Sunil R. Harjani |
| v. | ) | United States District Judge |
| | ) | |
| CITY OF WAUKEGAN, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFF'S SUPPLEMENT IN SUPPORT OF HIS MOTION**
**TO COMPEL AND FOR RELATED SANCTIONS**

Plaintiff respectfully submits this brief supplement in support of his motion to compel and for sanctions, Dkt. 119, stating in support as follows:

**INTRODUCTION**

In his motion to compel and for sanctions filed earlier this week, Plaintiff recounted a course of conducts by Defendants relating to key third-party witness Susan Holloway, which Plaintiff argued warranted an order compelling Defendants to produce certain documents and the imposition of related sanctions. Dkt. 119. Plaintiff's counsel and staff met with witness Susan Holloway for the first time yesterday, and Plaintiff's counsel now provides this supplement with additional information relevant to the pending motion.

As this Court is aware from the initial motion, a key allegation in this case is that Defendants knowingly fabricated a false statement implicating Plaintiff in the crime and attributed that statement to Susan Holloway—the false statement was that Holloway had interacted with Plaintiff in the Waukegan lockup shortly after his arrest, and that Plaintiff had confessed to her that he had killed his grandmother. Logbook records disclosed long after Plaintiff's conviction revealed

that Holloway and Plaintiff had never been in the Waukegan lockup at the same time, and that the account must have been false, leading to Plaintiff's exoneration and a subsequent certificate of innocence.

Now, based on Plaintiff's counsel's conversation with Holloway yesterday, it appears that Defendants not only fabricated a statement for Holloway to adopt in the state criminal case, but they have also fabricated a false statement for Holloway to give in this civil case, when they instructed Holloway to sign a declaration that Defendants knew was materially false. That declaration is attached again here as **Exhibit A**. Defendants knew that declaration was materially false because, according to Holloway, Defendants' counsel and their investigator arrived at an interview of Holloway in Wisconsin with the declaration already drafted, they interviewed her before they had her sign the declaration, she told them things that directly contradict the declaration, and they instructed her to sign the declaration anyway. Yesterday, Holloway was concerned that she had submitted a declaration that was false in this proceeding, and she asked Plaintiff's counsel to raise these issues with the Court at this week's hearing.

In Plaintiff's view, the additional information that they have received from Holloway supports their pending motion and justifies the sanctions requested in that motion. In this case, the evidence reflects that Defendants, who are accused of violating Plaintiff's due process rights by scripting a false statement, attributing it to a key witness, and using it to charge and convict Plaintiff of murder, have fabricated a second false statement that they have attempted to attribute to the same witness in this civil case. Plaintiff submits that such conduct warrants entry of judgment in Plaintiff's favor on this due process theory, understanding that this question may be one that ultimately must be addressed by the District Judge.

## ADDITIONAL RELEVANT FACTS

Yesterday, August 18, 2026, Plaintiff's counsel Steve Art and Brian Morris met with Susan Holloway in Milwaukee, Wisconsin. The conversation took place at 500 E Center St, Milwaukee, WI 53212 at approximately 3:20 p.m. Present with Plaintiff's counsel was one of Plaintiff's paralegal, Yurou Li, who served as a prover, and who in support of this supplement submits the declaration, attached as **Exhibit B**, which attests to the truth of the following statements made by Holloway to Plaintiff's counsel yesterday:

- Holloway recounted that she has almost no memory of this case, and she attributes that lack of memory to the passage of time and the sustained use of crack cocaine over a period of approximately 40 years. At one point she said "my brain was fried".
- Holloway said she had no memory relating to the case, except for the following: she says she remembers being in jail, calling out what she called a "jailhouse question," like "what are you in for?" and hearing a voice answering "I killed my grandmother."
- Critically, Holloway stated that she had *no idea* who yelled out "I killed my grandma" and *never* saw the person who said it. Later, she reiterated that she had never seen the person's face, and that she did not know if it was Bob Melock who said it.
- Holloway said that she had no idea who Bob Melock is, does not know what he looks like, and would not know him if she saw him.
- Holloway said that she had no memory of interacting with police or prosecutors, no memory of testifying before the grand jury and no memory of testifying at trial.
- Holloway related that Defendants' investigator, named Peter Dotson, contacted her when she was living in Ohio. She told him that she did not remember anything about the case. He sent her a photo of Bob Melock via text message. In addition, he sent her a photo of a jailhouse via text message. She no longer has the telephone on which those photos were received.
- Holloway said that Defendants' investigator Dotson (and apparently Defendants' attorney Ahmed Kosoko, though Holloway did not recall his name during the conversation and described him as a "Black guy," before attempting his name incorrectly) visited her again recently in Wisconsin.
- Holloway said that, during that meeting, Defendants' investigator and attorney discussed Plaintiff committing the murder at issue in this case, told Holloway how the murder occurred, told her that the victim had been found butt-naked, and told her that Plaintiff was on drugs at the time of the crime.
- Holloway said that Defendants' investigator and attorney asked Holloway if she remembered Bob Melock and she said that she did not.

- Holloway said that Defendants' investigator and attorney told Holloway that a police officer had overheard the conversation she supposedly had with Plaintiff in the lockup decades ago. They asked her if she remember that police officer, and she said that she did not.
- Holloway said that Defendants' investigator and attorney did not show her any documents or copies of her testimony, other than the declaration that they had drafted for her to sign.
- Holloway said that Defendants' investigator and attorney interviewed Holloway before showing her the declaration. In that interview, Holloway said that she related to Defendants' investigator and attorney the information she was providing to Plaintiff's counsel and paralegal, described in the bullet points above.
- Holloway said that, at the end of the interview, Defendants' investigator and attorney produced the declaration. She said that it was already typed out. She said that she did not provide Defendants' investigator and attorney with any of the information contained in the declaration. She said they did not type it out while present with her. She said she did not read a copy of the declaration herself. She said that it was read out loud to her by Defendants' investigator and attorney.
- Holloway said that Defendants' investigator and attorney then told her to sign the declaration, said "it was good for you to sign it," told her that she would not get in trouble if she signed it, and told her that she would get in trouble if she went back on her word.
- Holloway said that she thought that she had to sign the declaration, and so she signed it.
- Holloway said that she did not tell Defendants' investigator and attorney the things written in the declaration. (She said, "That's damn shit, that's none of mine" when we read paragraphs of the declaration to her.)
- Holloway said she did not understand what the declaration was or the impact of her signing it.
- Holloway gave Plaintiff's counsel permission to raise these issues with the Court.
- On logistics, Holloway related that she is not free for her deposition this Friday, August 21, but she is free the following two Fridays. She graduates from her rehabilitation program soon. She will be in Wisconsin until September 18, at which point she will leave for a caretaking job in Mississippi.

## DISCUSSION

A district court has broad discretion to sanction a party or counsel for litigation misconduct, and entry of judgment is routinely a sanction for falsifying evidence. *See, e.g., Patrick v. City of Chicago*, 974 F.3d 824, 831 (7th Cir. 2020); *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018); *Secrease v. W. & S. Life Ins. Co.,* 800 F.3d 397, 402 (7th Cir. 2015); *James v. Hyatt Regency*

*Chi.*, 707 F.3d 775, 784 (7th Cir. 2013); *see also Goodvine v. Carr*, 761 F. App'x 598, 601 (7th Cir. 2019). Sanctions are plainly warranted here.

Holloway is the key third-party witness in this civil litigation. Plaintiff contends Defendants fabricated a false statement and attributed it to her, causing his wrongful conviction, and violating his right to due process. In this civil case, Plaintiff attempted to take Holloway's deposition, but, as outlined in the motion filed earlier this week, Defendants obstructed his subpoena, prevented the deposition from going forward or Plaintiff from contacting Holloway, and then obtained a declaration supporting their own version of events. It turns out, that declaration is materially false, and it contradicts the things the Defendants were told by Holloway immediately before they instructed Holloway to sign the declaration. That much is obvious by comparing the account from Holloway, set out above, and the contents of the declaration in Exhibit A. In this case, in addition to the relief sought in the initial motion, Plaintiff submits that an entry of judgment on Plaintiff's due process theories relating to Holloway are appropriate.

Dated: August 19, 2026

Respectfully submitted,

/s/Steve Art
*Counsel for Plaintiff*

Jon Loevy
Steve Art
Brian Morris
Aadi Tolappa
Loevy & Loevy
311 N Aberdeen St, 3rd Fl
Chicago, IL 60607
(312) 243-5900
steve@loevy.com